[Dkt. No. 1]

NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| NASIR FINNEMEN, | |
| Plaintiff, | Civil No. 16-1368 (RMB/JS) |
| v. | **OPINION** |
| MAURICE POLLARD; JOHN BUJANOWSKI; JAMAR; JANINE, | |
| Defendants. | |

This matter comes before the Court on the filing of a civil action by Plaintiff Nasir Finnemen (the "Plaintiff") on March 10, 2016 against Defendants Maurice Pollard, "Jamar", "Janine", and John Bujanowski (collectively, the "Defendants"). (Compl. at 2 [Dkt. No. 1]). In so bringing this action, Plaintiff has been granted in forma pauperis status. (Order [Dkt. No. 2]). The Court now screens Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2).

I.   **BACKGROUND**

Plaintiff appears to be pursuing the above-captioned cause of action because his postal carrier, Defendant Maurice Pollard, has refused to deliver his mail. As set forth in the Complaint, on December 3, 2015, Pollard told Plaintiff that his mail would not be delivered to his mailbox, but rather could be picked up

at the post office.  (Compl. at 3).  The reason given for this change, according to a difficult-to-read notice attached to the Complaint, appears to be that Plaintiff's mailbox is broken. (Compl. Ex. at 1 [Dkt. No. 1-4]).  Defendant "Jamar," who appears to work at the post office based upon the factual allegations, seems to have told Defendant "Janine" that the reason for the non-delivery of mail to Plaintiff's resident was that his mailbox was broken.  (Compl. at 3).  In January and February of 2016, Plaintiff alleges that he visited the post office and was sometimes able to pick up mail and sometimes there was no mail for him.  (Compl. at 3).  Importantly, Plaintiff does not contest that his mailbox is broken.[1]

## II.   LEGAL STANDARD FOR SUA SPONTE DISMISSAL

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must preliminarily screen in forma pauperis filings, and must dismiss any filing that is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

Federal Rule of Civil Procedure 8(a) requires that a complaint contain:

> (1)   [A] short and plain statement of the grounds for the court's jurisdiction, unless the court already has

---

[1] Plaintiff does generally allege that Defendant "Jamar" told Defendant "Janine" "a lie," but does not elaborate on what that lie is, nor does he allege the condition of his mailbox.

> > jurisdiction and the claim needs no new jurisdictional support;
> >
> > (2)  [A] short and plain statement of the claim showing that the pleader is entitled to relief; and
> >
> > (3)  [A] demand for the relief sought, which may include relief in the alternative or different types of relief.

Id.  "[A] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts."  Fowler v. UPMC Shadyside, 578 F.3d 203, 311 (3d Cir. 2009).  However, in screening a complaint to verify whether it meets this standard, this Court is mindful of the requirement that pro se pleadings must be construed liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

## III.  ANALYSIS

Plaintiff's complaint fails to state a cause of action against any of the Defendants.  Assuming, as Plaintiff alleges in a document attached to his Complaint, that he seeks to bring a claim for mail tampering, (Compl. Ex. at 2), the allegations are insufficient.  Plaintiff has fundamentally alleged who participated in this supposed scheme to tamper with his mail, but not how it was done or even how it amounts to tampering with his mail.  For instance, Plaintiff has not alleged that his mailbox was in fact in working order and that the re-routing to the post office was a part of a scheme to tamper with the mail.

3

He additionally has not alleged that any mail was not turned over to him, that it was opened, or that it was delayed in reaching him because of this scheme.  He has, in fact, only alleged that he was required to pick up his mail at the post office and that the reason given for this was that his mailbox was broken.  Such allegations do not state a claim for mail tampering.  See generally Abulkhair v. U.S. Postal Serv., 610 Fed. App'x 96, at 97-98 (3d Cir. 2015) (dismissing claim of mail tampering where allegations failed to "nudge his claim of a decade-long mail tampering scheme across the line from conceivable to plausible.").[2]

## IV.   CONCLUSION

As set forth above, the Court rules that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.  Plaintiff may seek to file an amended complaint within thirty (30) days of the entry

---

[2] To the extent Plaintiff instead seeks to bring a claim of discrimination, perhaps alleging that he has been required to pick up his mail where others have not, he has also failed to state such a claim because he has not alleged, inter alia, that he was treated differently than others or there was not a rational basis for such treatment.  See Baker v. Dept. of Corr., 2008 WL 5227458, at *5 (D.N.J. Sept. 8, 2015) ("Where a plaintiff fails to identify a suspect class to which he belongs or show that Defendants violated a fundamental right, his claim must be brought pursuant to a 'class of one' theory."); id. ("To state a claim under such a theory, a plaintiff must show that '(1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment.'") (quoting Overly v. Garman, 599 F. App'x 42, 43 (3d Cir. 2015)).

of the Order accompanying this Opinion remedying the

deficiencies outlined above, if he so chooses.

DATED: January 10, 2017

s/Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE
